UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR00442 CDP (FRB) |
| ) | |
| STEVEN LAWSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING RECONSIDERATION OF DETENTION

This matter came before the Court on Defendant's motion to reconsider this Court's prior Order of pretrial detention. (Doc. #26). Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A hearing on the government's motion for pretrial detention was initially held on August 27, 2007. Neither parties had any objection to the information contained in the Pretrial Services Report (PSR) dated August 24, 2007, except Defendant objected to the description of the offense conduct. Based on the fact that Defendant was being held on separate state charges, had been brought before the Court on a writ, and was not then eligible for release, Defendant waived his right to a detention hearing, with the understanding that he could request reconsideration if he thereafter became eligible for release. A detention order to that effect was entered on August 27, 2007. (Doc #13).

Defendant now seeks reconsideration of the Order of pretrial detention. Although Defendant had been in state custody for failure to pay child support, Defendant states that his case in the 21st Judicial Circuit has been dismissed and that he has received an order

of *nolle prosequi* in that case. A hearing was held on Defendant's motion for reconsideration on September 25, 2007. The government was represented by Assistant United States Attorney Reginald Harris. Defendant was present and represented by his attorney, Assistant Federal Public Defender Felicia Jones. The Court further notes that many of Defendant's family members were present in the courtroom.

At the hearing, Defendant offered by way of proffer that Defendant's sister and brother were each willing to post property they own to secure Defendant's release, and that they had approximately $40,000 and $30,000 in equity, respectively, in their properties. Defendant further represented his belief that he would be able to return to his prior employment as a waiter.

The government presented the testimony of Special Agent Curt Franzi, with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Based on his review of the police reports and his discussions with the officers involved, he testified concerning the facts surrounding Defendant's arrest. In summary, at approximately 11:40 p.m. on April 20, 2007, officers with the Jennings Police Department responded to the area of 5725 Beldon, which is Defendant's residence, based on reports of shots fired. Upon arrival, an officer observed Defendant Lawson shooting a rifle, later identified as a 12 gauge pump-action shotgun. Defendant was apparently startled by the sound of the officer's radio, and turned toward him, which resulted in the shotgun being pointed in the direction of the officer. When the officer ordered Defendant to stop and drop the rifle, Defendant instead took off running. Another officer who arrived at the scene observed Defendant run to the front of the house, where the officer observed a second male, who also held a firearm.

The officer ordered both suspects to stop, but they both ran inside the house and shut the door.

The house was surrounded, and the officers attempted to get the suspects to leave the house, but they did not respond. The officers thereafter obtained the telephone number for the house and called. An adult female answered and stated that no one was inside the house other than herself and three children. The officers encouraged her to leave the house, and she and the three children eventually did so. Thereafter a tactical unit was called, which attempted to make contact with Defendant and the second suspect, but they were unable to do so. The unit shot tear gas into the residence, and the second suspect came out. Approximately 20 minutes later Defendant Lawson came out of the house and surrendered. The entire process of obtaining Defendant's surrender took several hours.

A search of the inside and outside of the residence was conducted. Inside, in a bedroom that evidence links to Defendant, the officers located a rusted .38 caliber Smith & Wesson, which was later determined to be incapable of firing; a Mossberg 12 gauge shotgun, believed to be the shotgun Defendant had been observed firing; and a short barreled .22 caliber single shot rifle, which was under the mattress. The officers also located ammunition for all three firearms, and one spent .22 casing. Outside the residence officers found four 12 gauge shotgun shells, which matched the type of ammunition for the shotgun Defendant had been using. Defendant was later interviewed. He stated that he had found the .22 caliber firearm in the basement of the building after

he moved in, and brought it upstairs, and admitted to having purchased the shotgun from an individual.

As set forth in the PSR, Defendant is 42 years old. He is a life-long St. Louis resident, and his family members all live in St. Louis. Defendant is the father of seven children, and has a long-term relationship with a woman who is the mother of his two youngest children. He and his girlfriend and their two children have lived together at the Beldon address since April, 2007. Defendant has been employed in the restaurant field as a waiter, and was employed at a downtown hotel prior to his arrest. Defendant has several prior felony convictions, including three convictions for the possession of a controlled substance. Defendant also has one conviction for failure to appear, for which he received a fine.

18 U.S.C. § 3142(g) sets forth the factors to be considered by the Court when considering the issue of detention or release on bond. These factors include the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Notwithstanding Defendant's proffer, the Court does not believe that there are any conditions or combination of conditions that could adequately assure Defendant's appearance and the safety of the community. The government has presented extremely strong evidence in support of the current charge, which involved Defendant fleeing from the police, armed, and barricading himself inside of his residence, initially with a woman

and three small children inside. In addition, Defendant has a prior conviction for failure to appear, and further appears to have a history of both marijuana and alcohol abuse, which could further impede Defendant's ability appear as required.

Based on the foregoing, and for all of the reasons set forth more fully in the PSR, the undersigned finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant would be admitted to bail pending trial. Further, the evidence shows by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. 18 U.S.C. § 3142(e) and (f).

**THEREFORE, IT IS HEREBY ORDERED** that the motion of Defendant Steven Lawson to reconsider this Court's prior Order of detention (Doc. #26) be **denied**, and that Defendant continue to be detained pending trial in this cause.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 25th day of September, 2007.